FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
FEB 2 2 2021
PER _____
DEPUTY CLERK

(1) Bray Jibril Murray, No. CG-8958
(Name of Plaintiff)         (Inmate Number)
SCI-PINE GROVE
189 Fyock Road, Indiana, Pa. 15701
(Address)

(2) _____
(Name of Plaintiff)         (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

_____
(Case Number)

vs.                                                  CIVIL COMPLAINT

(1) Collen McCoy, CO1, et al.
SCI-DALLAS
(2) 1000 Follies Road, Dallas, Pa. 18612-0266
*PLEASE REFER TO FOURTEEN (14) PAGES ATTACHED HERETO FOR
(3) NAMES OF CO-DEFENDANTS WHO ARE A PARTY IN
(Names of Defendants)       THIS CIVIL ACTION**

(Each named party must be numbered,
and all names must be printed or typed)

TO BE FILED UNDER:  ***  42 U.S.C. § 1983 - STATE OFFICIALS
                    ____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.   PREVIOUS LAWSUITS

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   **PLEASE REFER TO FOURTEEN (14) PAGES, ATTACHED HERETO, FOR INFORMATION
   REGARDING PREVIOUS LAWSUITS**

   _____
   _____
   _____

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? **✗** Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? **✗** Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? **\*\*PLEASE REFER TO FOURTEEN (14) PAGES ATTACHED HERETO, FOR STEPS PLAINTIFF HAD TAKEN TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES\*\***

2. What was the result? **\*\*PLEASE SEE THE ABOVE\*\***

D. If your answer to "B" is No, explain why not **\*\*PLEASE SEE THE ABOVE\*\***

## III. DEFENDANTS

(1) Name of first defendant: Colleen McCoy, CO1

Employed as CORRECTIONAL OFFICER-1 at SCI-DALLAS
Mailing address: 1000 Follies Road, Dallas Pa. 18612

(2) Name of second defendant: Charlie J. McKeown
Employed as HEARING EXAMINER at SCI-DALLAS
Mailing address: 1000 Follies Road, Dallas, Pa. 18612

(3) Name of third defendant: ___
Employed as ___ at **\*\*PLEASE REFER TO FOURTEEN (14)**
Mailing address: **PAGES ATTACHED HERETO, FOR NAMES OF CO-DEFENDANTS IN THIS ACTION**

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. **\*\*PLEASE REFER TO FOURTEEN (14) PAGES ATTACHED HERETO, FOR STATEMENT OF THE CLAIMS AGAINST DEFENDANTS, IN THIS ACTION\*\***

2

2.   **PLEASE SEE THE ABOVE**

3.   **PLEASE SEE THE ABOVE**

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.   **PLEASE REFER TO FOURTEEN (14) PAGES <u>ATTACHED HERETO</u>, FOR STATEMENT OF RELIEF REQUESTED, IN THIS ACTION**

2.   "            "

3.   "            "

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __23__ day of __FEBRUARY__, 20__21__.

_____
(Signature of Plaintiff)

## I. INTRODUCTION

1. Plaintiff **Bray Jibril Murray**, proceeding pro se, respectfully submits this complaint under Title **42 U.S.C. §§ 1983, 1985(2)(3) and 1986,** alleging that the Defendants engaged in a campaign of harassment and retaliation against him, for filing lawsuits and grievances regarding violations, inter alias, of the CLEAN INDOOR AIR ACT; PREA Law; and generally Plaintiff's constitutional rights.

2. The Defendants' retaliatory animus reached its pinnacle when **they acted** in **concert** and committed Plaintiff to solitary confinement for 120-days under disciplinary and punitive administrative custody status base on fabricated misconduct report, resulting also in loss of job, irreparable injury to Plaintiff's commutation application seeking parole eligibility, destruction of legal property, exorbitant postage charge for mailing of property, and transfer of Plaintiff to SCI-facility four-hours outside of his home region.

3. The conduct of Defendants violated Plaintiff's 1st and 14th Amendment rights of the United States Constitution. **Length of complaint warranted** to establish all Defendants personal involvement in constitutional violations.

## II. PARTIES

### PLAINTIFF:

4. Bray Jibril Murray, No. CG-8958 ("Plaintiff") is presently serving a criminal sentence in the custody of the Pennsylvania Department of Corrections ("DOC"). At all times relevant to this action, Plaintiff was housed at SCI-DALLAS, 1000 Follies Road, Dallas PA. 18612-0266. **Currently,** Plaintiff is housed at SCI-PINE GROVE, 189 Fyock Road, Indiana PA. 15701.

### DEFENDANTS:

5. Defendants **Colleen McCoy** ("C/O McCoy") at all times relevant to this action was/is employed as correctional officer-1 at SCI-DALLAS; and hereby sued in her individual and official capacities, jointly and severally, for the acts and omissions described fully below.

6. Defendant **Cooper** ("C/O Cooper") at all times relevant to this action was/is employes as correctional officer-1 at SCI-DALLAS; and hereby is sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

7. Defendant **Gilroy** ("Gilroy") at all times relevant to this actiOn was/is employed as a sergeant at SCI-DALLAS; and hereby is sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

8. Defendant Lukashenski ("Captain Lukashenski") at all times relevant to this action was/is employed as a Captain at SCI-DALLAS; and is hereby sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

9. Defendant Kevin Ransom ("Supt. Ransom") at all times relevant to this action was/is employed as Superintendent/facility Manager of SCI-DALLAS. Supt. Ransom is the facility's highest authority responsible for the appointment, employment, and oversight of SCI-DALLAS staff and facility operations generally; and is the final appellate authority over inmate institutional grievances and concerns. He is hereby sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

10. Defendant **Charlie J. McKeown** ("C.J. McKeown") at all times relevant to this action was/is employed as Hearing Examiner at SCI-DALLAS; and is hereby sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

11. Defendant Jasen Bohinski ("Major Bohinski") at all times relevant to this action was/is employed as a unit manager/**Major** of SCI-DALLAS; and is hereby sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

12. Defendant Michael Goyne ("P/M Goyne") at all times relevant to this action was/is employed as a Program manager of SCI-DALLAS; and is hereby sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

13. Defendant **Sergeant McCoy** ("Sgt. McCoy") at all times relevant to this action was/is employed as a sergeant of SCI-DALLAS; and is hereby sued in his individual and official capacities, jointly and severally, for acts and omissions described fully below.

14. All the above named Defendants **ACTED UNDER THE COLOR OF STATE LAW.**

### III. JURISDICTION AND VENUE

15. Jurisdiction is asserted pursuant to the United States Constitution, 42 U.S.C. §§ 1983, 1985(2)(3), 1986; to redress the deprivation of those rights secured by the United States, **deprived by persons acting under color of state law.** The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

16. Plaintiff's claim for injunctive relief is authorized pursuant to 28 U.S.C. §§ 2283, 2284.

2.

17. The United States District Court for the Middle District of Pennsylvania in Lewisburg, Pa., is the appropriate venue for trial, pursuant to 28 U.S.C. §§ 1391(b)(2).

## IV. PREVIOUS LAWSUITS

18. Murray v. Secretary Wetzel, et al., No. 1-17-cv-01637-JEJ-EBC (M.D. Pa. Sept. 12, 2017) (assigned to Judge John E. Jones, III).

19. Murray v. Sgt. Smithbower, et al., No. 1-17-cv-00127-JEJ-EBC (M.D. Pa. July 17, 2017) (assigned to Judge John E. Jones, III).

20. Murray v. Secretary Wetzel, et al., No. 542 MD 2017 (Pa. Commw. March 6, 2017); see also 195 A3d 358 (Pa. Commw. Aug. 8, 2018).

## V. STATEMENT OF FACTS

21. On March 6, 2017, Plaintiff initiated civil complaint No. 2676-2017 in the Luzurne County Court of Pennsylvania, against Hearing Examiner C.J. McKeown, regarding his denial of witnesses to testify on Plaintiff's behalf in a misconduct proceeding , at SCI-DALLAS.

22. On July 31, 2017, Luzurne Co. Court transferred civil complaint against C.J. McKeown to the Commonwealth Court of Pennsylvania, which is currently pending under No. 542 MD 2017, after overruling C.J. McKeown's efforts to have complaint dismissed, on January 12, 2018. See Murray v. Wetzel, et al., 195 A3d 358 (Pa. Commw. Aug. 8, 2018).

23. Plaintiff arrived to SCI-DALLAS on August 31, 2016. Immediately, upon his release into general population, he began to complain and file grievances about the flagrant pervasive smokin/ETS problem in the inmate housing units.

24. On June 14, 2017, Plaintiff is placed on I-unit, he still is exposed daily to pervasive ETS levels of tobacco smoke from staff and inmates openingly smoking, resulting in lawsuit, Murray v. Wetzel, et al. No. 1-17-cv-01637.

25. In June/July of 2017, C/O Colleen McCoy became a member of the I-Unit Team, as a regular 2 to 10 shift officer.

26. C/O Colleen McCoy frequently smoked in I-Unit, in violation of the DC-1.1.7., CLEAN INDOOR AIR ACT (DOC no-smoking policy); and also, condoned and encouraged inmates to openly smoke in I-Unit.

27. On September 12, 2017, Plaintiff filed a preliminary injunction with lawsuit, requesting for the Court to remove all tobacco products from SCI-DALLAS, supra.

28. On June 28, 2019, Plaintiff filed grievance #809441 against C/O Colleen McCoy, regarding frequently and openly smoking cigarettes in I-Unit, in flagrant

violation of the DC-1.1.7. no-smoking policy.

29. On July 15, 2019, Plaintiff filed PREA-related grievance 811782 against C/O Colleen McCoy, regarding sexually harassed, etc., while Plaintiff is using toilet facilities in cell.

30. On July 16, 2019, Plaintiff filed grievance #812432 against C/O Colleen McCoy, regarding loudly discussing with C/O Cooper and Sgt. Gilroy a conspiracy to deal with Plaintiff in retaliation for filing grievance and PREA complaint against her.

31. In grievance #812432, Plaintiff specifically requested that C/O McCoy be permanently removed from I-Unit team, as a regular 2 to 10 shift officer, for separation purposes.

32. On August 7, 2019, C/O Cooper charged Plaintiff with violation of DC-801 rules #35 and #52, under misconduct report #B274397.

33. On August 8, 2019, C/O McCoy charged Plaintiff with violation of DC-801 rules #35 and 41, under misconduct #D123755.

34. On August 16, 2019, Hearing Examiner C.J. McKeown found Plaintiff guilty of misconduct report #D123755, and sanctioned him to 15-days of total confinement/cell restriction.

35. Capt. Lukashenski reviewed and approved misconduct reports #B274397 and #D122355.

36. On August 22, 2019, Plaintiff filed grievance #819774, against C/O Colleen McCoy, regarding on-going harassment and retaliation, for denying him access to law library facility.

37. On September 3, 2019, Plaintiff filed grievance #821833, against Sgt. Gilroy and Capt. Lukashenski, for on-going conspiracy to retaliate and harass Plaintiff, by denying him approved speicial diet meals.

38. On September 4, 2019, Plaintiff filed grievance #821799, against Colleen McCoy, Sgt. Gilroy and Capt. Lukashenski, regarding on-going conspiracy of retaliation and harassment. Grievance also put SCI-DALLAS on notice of Plaintiff's intent to seek preliminary injunctive relief with the Court to stop C/O McCoy's campaign of harassment, retaliation and solicitation of a conspiracy with others to punish Plaintiff for filing grievances, etc., against her.

39. In September of 2019, C/O Colleen McCoy was Permanently removed from I-Unit team, as a housing unit officer, for separation purposes, and to stop her or deter her obsession of retaliation against Plaintiff.

40. On September 16, 2019, Plaintiff filed grievance #972392 against C/O Colleen McCoy and C/O Cooper for harassment and threats of retaliation, for being

4.

responsible for McCoy's permanent removal from I-Unit team, as a unit officer.

41. On September 30, 2019, C/O Cooper charged Plaintiff with violation DC-801 rule #35, under misconduct report #B972392.

42. On October 3, 2019, Plaintiff filed grievance #827627, for on-going harassment, intimidation, etc.

43. In December of 2019, Plaintiff was informed by the Pennsylvania Board of Pardons, that his commutation application No. 55081, had been received and processed, and is a matter of public record on Pa. Governor's website, at www.bop.pa.gov.; also information of application for commutation is entered into Plaintiff's Correctiona Adjustment Records ("CAR"), on December 19, 2019.

44. In July of 2017, Plaintiff's was assigned as a heavy duty block worker; in which he is responsible for insuring that the inmate housing unit is cleansed daily.

45. In the second week of March 2020, all I-unit "heavy duty" workers were required to intensely clean/disinfect the entire housing unit, before the start, and termination of all inmate housing unit "dayroom/blockout rec" activities.

46. On Saturday of **March 21, 2020**, Capt. Lukashenski assigned C/O Colleen McCoy to I-unit, as a 6 to 2 "relief" officer; for the 6 to 2 hour shift, that is.

47. March 21, 2020, at the termination of dayroom/unit rec activities, @1030 hours, Plaintiff immediately began attending to his cleaning work assignment, of disinfecting I-Unit. Soon thereafter, Plaintiff had finished his cleaning duties and goes into his cell @1100 hours, a response team officers come to his cell, and escorted him to the restricted housing unit ("RHU"), and place Plaintiff in a hard cell, with special restraints and an observation camera in it.

48. No explanation is provided to Plaintiff as to why he had been placed in the RHU until he had received **misconduct report #D242669** @1945 hours, **authored by** C/O **Colleen McCoy**, charging Plaintiff with refusing to obey an order; threatening an employee and/or his family with bodily harm; and assault.

49. On March 22, 2020, Plaintiff timely submitted an inmate request form for two inmate witnesses (i.e., **Yul B. Haywood, #AF-7406; and A. Roman #FD-7849**) and one staff witness (i.e., Unit manager **Louise Cicerchia**).

50. On March 24, 2020, Plaintiff came before Hearing Examiner **C.J. McKeown** for **misconduct report #D246269**. AS soon as the hearing began Plaintiff submitted a written version/defense to misconduct charges (in lieu of orally testifying).

51. After reading Plaintiff's written version (in which he pled **not** guilty to all the charges of misconduct #D246269) the hearing is postponed and rescheduled

by C.J. McKeown, **for the sole purpose of arranging for timely requested witnesses to attend misconduct hearing IN-PERSON, and provide live testimony on Plaintiff's behalf.**

52. On April 2, 2020, the hearing for misconduct #D246269 resumed. Plaintiff is informed by C.J. McKeown that his "timely requested" witnesses would not be allowed to attend hearing, due to the Corona virus lockdown, and that under the circumstances he had taken the liberty of conducting "an in-camera" interview of the two inmate witnesses on April 1, 2020.

53. On April 2, 2020, C.J. McKeown found Plaintiff guilty of misconduct No. D246269, and sanctioned him to lost of job; and 90-days of total confinement in RHU under disciplinary custody status.

54. All "timely filed appeals" are denied. At each level of appeal Plaintiff raised the issue of retaliation by both **Colleen McCoy and C.J. McKeown. The issue is never addressed by any of the respondents of appeal, to Misconduct #D246269.**

55. Well before March 21, 2020, and misconduct of assault by **Colleen McCoy**, against Plaintiff Supt. Ransom, Capt. Lukashenski and C.J. McKeown, are fully aware of C/O McCoy's retaliatory animus for Plaintiff, and her desire to see him punished for prior grievances and PREA complaint against her.

56. The entire time Plaintiff is in RHU, under misc. report #D246269, he is denied access to his legal property, and also is subjected to cruel and unusual living conditions, requiring him to file a bevy of grievances.

56. On June 17, 2020, Plaintiff was informed by the Program Review Committee ("PRC" members **Michael Goyne; Jasen Bohinski; and Miller**) that he would remain in the RHU on administrative custody ("AC") status pending transfer, for seperation reasons. PRC never stated who Plaintiff was being separated from.

57. Plaintiff's appeal to Supt. Ransom, regarding AC-confinement and reasons for transfer, are never responded to.

58. All property of inmate residents of RHU is inventoried by "inmate" workers that have general population status.

59. In July of 2020, **Sgt. McCoy** served as the R&D property room sergeant. Sgt. McCoy is **also is the father of C/O Colleen McCoy.**

60. On July 20, 2020, Plaintiff's property is inventoried and processed for transfer to SCI-PINE GROVE, by inmate R&D workers,        under supervision of Sgt. McCoy.

61. On July 21, 2020, Plaintiff is permanently transferred out of SCI-DALLAS (his home region) to SCI-PINE GROVE (approx. 4-hours away from Philadelphia).

6.

62. While Plaintiff was housed in RHU of SCI-DALLAS, from March 21, 2020 to July 21, 2020, he never received any of his legal property.

63. SCI-DALLAS excessively charged Plaintiff $139.00 in postage to ship legal property on DOC bus to SCI-PINE GROVE, under inventory slip #647475.

64. On July 27, 2020, during the inventory of his legal property, Plaintiff discoverd that SCI-DALLAS had filled at least three of the boxes with scrap paper. Plaintiff had refused to sign inventory property slip, because of missing legal property.

65. On August 3, 2020, because of the missing property, Plaintiff refused to sign inventory property slip #A366499.

66. On August 4, 2020, Plaintiff discovered that all his legal papers related to lawsuit against C.J. McKeown (i.e., Murray v. Secretary et al., No. 542 MD 2017 (Pa. Commw. 2017)) were missing, and he immediately sent a grievance to SCI-DALLAS regarding the matter.

67. Plaintiff also sent a letter to Deputy Eastern Regional Secretary Ferguson regarding missing legal property.

68. Also, scrawled (in black and blue markers) on docket statement of missing legal papers are derogatory racial slurs:

"kill yourself!!! Because not one person on the planet will care. This is a fact so again--Die! Die! Die! So you can stop breating (sic) the whiteman's air you low IQ stupid animal slave in a cage!"

"Monkey in a cage, HA HA."

"You are a filthy nigger who will die in jail and go burn in hell-deservingly"

69. Grievance related to the above-said property matters, was never responded to by SCI-DALLAS.

70. Records will show that Plaintiff have a well-documented history of filing grievances and writing letters the executive offices of the DOC about SCI-DALLAS not responding to grievances.

### VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

71. Plaintiff exhausted all *available* administrative remedies applicable to all legal claims made in this complaint.

72. All of Plaintiff's grievances, DC-801 appeals for final review were either denied by the CHE and/or SOIGA **or received no response**

### VII. LEGAL CLAIMS

#### COUNT 1

VIOLATION OF PLAINTIFF'S 1st AMENDMENT CONSTITUTIONAL RIGHTS

(COLLEEN McCOY)

> Retaliation for filing of grievances regarding: violations of the DOC's 1.1.7. "no-smoking" policy and PREA policy; harassment; denial of religious diet; denial of law library; **soliciting staff to engage in a conspiracy of retaliation against Plaintiff**

73. Incorporated herein are facts alleged in paragraphs 1-70 in support of the elements of this claim.

74. Plaintiff's filing of grievance #809441, regarding Defendant **Colleen McCoy's** violation of the CLEAN INDOOR AIR ACT **DOC's 1.1.7.** "no-smoking" policy is constitutionally protected conduct.

75. Plaintiff's filing of grievance 811782, regarding Defendant **Colleen McCoy's** sexual harassment of Plaintiff, in violation of PREA law, is constitutionally protected conduct.

76. Plaintiff's filing of grievance #812432, regarding **Colleen McCoy's** solicitation of other staff to engage in a conspiracy of retaliation against Plaintiff is constitutionally protected conduct.

77. Plaintiff's filing of grievances #821832, #827627, #821799, #819774, and #824076, regarding staff conspiracy to retaliate, harass, etc., etc. (involving **Colleen McCoy**), are constitutionally protected conduct.

78. Plaintiff suffered numerous adverse actions by the above-named Defendant such as: filing false misconduct reports #D123755, #D123772, #B972392, and #D246269; **resuling in:** punitive cell restriction for 15-days; denial of law library; denial of religious diet meals; **90-days of diciplinary custody (DC) status in the RHU;** termination of job earning $57.00 a month; **30-days of punitive administrative custody (AC) status in RHU;** permanent transfer to DOC facility, four hours away from Plaintiff's home region of Philadelphia; false entries into Plaintiff's block card and CAR file; an increase in Plaintiff's security custody level; **and sabotage of Plaintiff's application for commutation with the Pa. Board of Pardons.**

79. The above adverse actions of Defendant **Colleen McCoy** were motivated by Plaintiff's protected conduct of filing grievances to alert, complain of, and inform SCI-DALLAS' administrative/management staff of very serious violations of DOC policies, and the problems he was having with Colleen McCoy.

80. The retaliatory conduct of Defendant **Colleen McCoy**, and subsequent adverse actions suffered by Plaintiff, **would not have occurred but for Plaintiff's protected conduct.**

COUNT 2

**VIOLATION OF PLAINTIFF'S 1st AMENDMENT CONSTITUTIONAL RIGHTS**

**(DEFENDANTS: COLLEEN McCOY, C/O COOPER, SGT. GILROY, CAPT. LUKASHENSKI)**

> Retaliation and Conspiracy against Plaintiff for filing grievances and PREA complaint against Colleen McCoy and subsequent removal from I-Unit Team as a 2 to 10 shift housing officer

81. Incorporated herein are the facts alleged in paragraphs 1-70 in support of the elements of this claim.

82. Plaintiff's use of the 804 INMATE GRIEVANCE SYSTEM to address problems

8.

with staff, etc., is constitutionally protected conduct.

83. Plaintiff's use of the 008 PREA system to alert management of staff-on-inmate sexual abuse and harassment, is constitutionally protected conduct.

84. Plaintiff utilized grievances and PREA complaint to alert SCI-DALLAS' management of serious problems with Colleen McCoy, and her solicitation of a conspiracy with Defendants Cooper, Gilroy, and Lukashenski, to harass and punish the Plaintiff in retaliation for filing grievnces, etc., that resulted in her removal from I-Unit Team.

85. Plaintiff suffered numerous adverse actions by the above named Defendants such as: falsifying misconduct reports, punitive cell restriction, denial of law library, denial of religious diet meals, threats, daily harassment, false entries into Plaintiff's CAR files for the purpose of undermining his application for commutation.

86. The adverse actions by Defendants Colleen McCoy, Cooper, Gilroy, and Lukashenski, were manifestly motivated by Plaintiff's protected conduct.

87. The "conspiratorial" adverse actions of the above named Defendants would not have occurred but for Plaintiff's protected conduct.

88. Plaintiff's protected conduct was the sole motivating factor for Defendants' retaliation, against him.

### COUNT 3

**VIOLATION OF PLAINTIFF'S 1st and 14th AMENDMENT CONSTITUTIONAL RIGHTS**

**(COLLEEN McCOY, CAPT. LUKASHENSKI, CHARLIE J. McKEOWN, KEVIN RANSOM)**

Retaliation and Conspiracy to punish Plaintiff for filing grievances and PREA complaint against Defendants Colleen McCOY and Lukashenski, resulting in the removal of McCoy from I-Unit Team as a 2 to 10 shift housing officer.

89. Incorporated herein are facts alleged in paragraphs 1-70, in support of the elements of this claim.

90. Pursuant to DC-ADM 801 procedural manual, all pre-hearing confinements of inmates, for disciplinary reasons, are reviewed by the superintendent within 72-hours of the inmate's placement in the RHU.

91. Plaintiff's filing of grievances to alert administrative/managemnet... staff of serious problems with defendants Colleen McCoy and Capt. Lukashenski, in an effort to stop harassment and prevent as well, their conspiratorial adverse actions, are constitutionally protected conduct.

92. Defendants Lukashenski and Ransom acted in collusion and conspiracy with Colleen McCoy, when they had provided a means or opportunity for McCoy to issue a retaliatory false misconduct report against Plaintiff, by assigning her to I-Unit as a temporary 6 to 2 shift relief officer, after McCoy was removed from I-Unit to separate her from Plaintiff.

93. Defendants Lukashenski and Ransom acted in collusion and conspiracy with Colleen McCoy, by approving false charges of assault on staff, etc., they knew was retaliatory, and also, ordering for Plaintiff to be placed in pre-hearing confine-

9.

ment based on a report they knew to be retaliatory.

94. Plaintiff timely-requested witnesses to attend 801 hearing for retaliatory misconduct report filed by Colleen McCoy against Plaintiff, for the purpose of providing live person testimony at hearing, on his behalf.

95. Currently, and during time of hearing for retaliatory misconduct report #D246269, Defendant C.J. McKeown, who presided as hearing examiner, was the sole remaining defendant in pending lawsuit against SCI-DALLAS, Murray v. Secretary Wetzel, et al., No. 542 MD 2017 (Pa. Commw. 2017).

96. Plaintiff is entitled to an impartial hearing examiner, who is not a defendant in a pending lawsuit by Plaintiff, and that possessed a retaliatory animus for Plaintiff during the hearing for assault against staff.

97. As a result of Plaintiff's constitutionally protected conduct, i.e., filing grievances, etc., and lawsuits against SCI-DALLAS' employees, he has suffered the following adverse actions by Defendants:

    (a) Being issued a false misconduct charge of assaulting and threatening staff;
    (b) placed in pre-hearing confinement;
    (c) denied witnesses to attend hearing and provide live testimony in defense of false misconduct charges of assault, etc.;
    (d) termination of job earning $57.00 a month;
    (e) determined to be guilty of false misconduct of assault, etc., and sanctioned to 90-days DC-status in RHU;
    (f) subjected to 30-days of punitive AC-status in RHU, awaiting retaliatory transfer to DOC facility four-hours away from Plaintiff's home region of Philadelphia;
and  (h) sabotage of Plaintiff's application for commutation with the Pa. Board of Pardon.

98. The above described adverse actions by Defendants Colleen McCoy, C.J. McKeown, Lukashenski, and Ransom, were manifestly motivated by Plaintiff's protected conduct.

99. Plaintiff would not have suffered any of the above said adverse actions but for the constitutionally protected conduct.

### COUNT 4

### VIOLATION OF PLAINTIFF'S 1st and 14th AMENDMENT CONSTITUTIONAL RIGHTS

### (DEFENDANT C.J. McKeown)

    Retaliation for filing of lawsuit against C.J. McKeown regarding denial witnesses to attend misconduct hearing and provide live testimony on Plaintiff's behalf in defense of false misconduct charges of assault.

100. Incorporated herein are the facts alleged in paragraphs 1-70 in support of the elements of this claim.

101. Plaintiff's filing of lawsuit against SCI-DALLAS' employees, for violation of his constitutional rights, in the case Murray v. Secretary Wetzel, et al., No. 542 MD 2017 (Pa. Commw. 2017), is constitutionally protected conduct.

102. Plaintiff's filing of grievances against SCI-DALLAS' employees, regarding violations of DOC policies and his constitutional rights, is constitutionally protected conduct.

103. Plaintiff's timely request for witnesses to attend hearing for misconduct #D246269, and provide live testimony in his defense of false assault charges, is also constitutionally protected conduct.

104. Currently, and during the time that C.J. McKeown had presided as hearing examiner for misconduct #D246269, he remains the sole defendant in pending civil action, Murray v. Secretary Wetzel, et al., supra (regarding C.J. McKeown's denial of witnesses to attend misconduct hearing).

105. Plaintiff is entitled to an impartial hearing examiner, who was/is not defendant in a pending lawsuit, and does not possss a retaliatory animus for the Plaintiff, because of that lawsuit.

106. Plaintiff suffered numerous adverse actions by the above named defendant such as: (a) denial of timely requested witnesses to attend hearing for misconduct #D246269, and provide live testimony in Plaintiff's defense; (b) finding of guilt of false charge of assault, resulting in termination of job-earning $57.00 a month, and Plaintiff being sanctioned to 90-days of DC status in RHU; and (c) he lied in rationale/findings of guilt that had in fact attended hearing or had participated in hearing for misconduct report #D246269.

107. The above adverse actions by Defendant C.J. McKeown were manifestly motivated by Plaintiff's protected conduct.

108. Plaintiff would not have suffered any of the above said adverse actions by the Defendant but for the constitutionally protected conduct, i.e., of filing grievances against staff, and specifically, filing a pending lawsuit against C.J. McKeown regarding denial of witnesses in a misconduct hearing.

## COUNT 5

CONSPIRACY TO VIOLATE PLAINTIFF'S 1st AMENDMENT CONSTITUTIONAL RIGHTS

(DEFENDANTS: McCOY, RANSOM, BOHINSKI, GOYNE, MILLER, JOHN/JANE DOES)

Conspiracies to transfer Plaintiff in retaliation for filing of lawsuits and grievances against SCI-DALLAS' employee/staff.

109. Incorporated herein are the facts alleged in paragraphs 1-70 in support of the elements of this claim.

110. Based upon the facts and chronology of events related to the conduct of Defendants McCoy, Ransom, Bohinski, Goyne, Miller, and John/Jane Does, including their false reports and narrative created from those false reports, there is a plausible inference that they had acted in collusion to have Plaintiff placed in punitive AC-status awaiting transfer to a DOC facility, well outside his home region, in retaliation for grievances and active lawsuits against SCI-DALLAS' employee/staff.

111. Based upon the facts chronologized herein, as related to the above named Defendants, they recommended and approved the retaliatory transfer of Plaintiff to a DOC facility, four hours outside his home region, in spite of the well-documented history that false reports by Colleen McCoy was in revenge for grievances

11.

against her; these chronology of events incites plausible inference that these Defendants acted in collusion to disguise their retaliatory motives by manipulating records and reports to achieve their retaliatory objectives.

112. All of these Defendants conspired to retaliate against Plaintiff for engaging in protected conduct of filing grievances and lawsuits to address problems with staff.

113. The Defendants would not have conspired against Plaintiff but for his engaging in constitutionally protected conduct.

## COUNT 6
## CONSPIRACY TO VIOLATE PLAINTIFF'S 1st AMENDMENT CONSTITUTIONAL RIGHTS
### (DEFENDANTS: SGT. McCOY, JOHN/JANE DOES)

Conspiracy to retaliate for filing grievances against his daughter Colleen McCoy, and lawsuit against long-time friend C.J. McKeown.

114. Incorporated herein are facts alleged in paragraphs 1-70 in support of the elements of this claim.

115. Plaintiff's filing of several grievances against the daughter of Sgt. McCoy, namely Colleen McCoy, for violation of PREA, and other DOC policies is constitutionally protected conduct.

116. Plaintiff's filing of lawsuit against the long-time friend and fellow employee of Sgt. McCoy, namely C.J. McKeown, is protected conduct.

117. Plaintiff suffered numerous adverse actions by Defendants Sgt. McCoy and John/Jane Does, such as: (a) filling Plaintiff's legal boxes for transfer with scrap paper for the purpose of incurring excessive postage charge; (b) ordering that inmate R&D workers inventory and pack Plaintiff's personal and legal property for transfer; (c) destroying all Plaintiff's legal papers related to lawsuit against C.J. McKeown; and (d) scrawling in black and blue markers racially derogatory slurs, etc., all over docket statements of lawsuits against SCI-DALLAS' employees.

118. The adverse actions by Defendants Sgt. McCoy and John/Jane Does were manifestly motivated by Plaintiff's protected conduct, and he would not have suffered any adverse actions, but for the constitutionally protected conduct, i.e., filing grievances and lawsuit against Colleen McCoy and C.J. McKeown.

## VIII. REQUEST FOR RELIEF

119. Issuing INJUNCTIVE RELIEF, commanding the Defendants to: (1) **expunge** "completely" from Plaintiff's correctional adjustment records ("CAR") all misconducts, entries into unit/block card, etc., that had occurred AFTER he had filed grievance #809441 against Defendant Colleen McCoy on June 28, 2019.

120. Issuing INJUNCTIVE RELIEF, commanding the Defendants to transfer Plaintiff back to his home region at either SCI-CHESTER or SCI-PHOENIX.

121. Issuing INJUNCTIVE RELIEF, commanding the Defendants to contact the Pa. Board of Pardons, and inform them that all negative entries in Plaintiff's CAR files, AFTER June 28, 2019, was the result of retaliation by SCI-DALLAS' staff in

response to Plaintiff's filing of lawsuits and grievances, and intended to cause irreparable injury to his application for commutation of life-sentence qualifying for parole eligibility.

122. Issuing DECLARATORY RELIEF, declaring that the acts and omissions of the Defendants had in fact violated Plaintiff's constitutional rights, and stating as well, the Defendants' duties with respect to those rights.

123. Awarding PUNITIVE DAMAGES against Defendant Colleen McCoy in an amount (as yet to be deduced from the evidence), but in no event in an amount less than $100,000.00, for:
(1) filing false misconducts in retaliation for Plaintiff's grievances against her; (2) making false entries of misconduct in Plaintiff's CAR file, with the intentions of sabotaging his chances of becoming parole eligible via the commutation process; (3) initiating a conspiracy of retaliation with fellow employees to harass and punish Plaintiff for filing grievances against her; (4) filing false charges of assault and threatening her family, etc., against Plaintiff, resulting in termination of job, 90-days of disciplinary custody status in RHU, 30-days of punitive AC-status in RHU, and transfer to DOC facility four-hours outside of home region of Philadelphia, Pa.

124. Awarding PUNITIVE DAMAGES against each Defendant, jointly and severally, in an amount (as yet to be deduced from the evidence), but in no event in an amount less than $10,000.00, for their personal involvement in the conspiratorial/retaliatory adverse actions of Defendant Colleen McCoy.

125. Awarding COMPENSATORY DAMAGES against Defendant Colleen McCoy in an amount (as yet to be deduced from the evidence), but in no event in an amount less than $2,728.00, for Plaintiff being terminated from job-earning $57.00 a month, as a result of false misconduct charges of assault,etc.

126. Awarding COMPENSATORY DAMAGES against each Defendants, jointly and severally, in an amount (as yet to be deduced from the evidence), but in no event in an amount less than #2,728.00, for their personal involvement in the conspiratorial/retaliatory adverse actions of Colleen McCoy, resulting in Plaintiff being terminated from his job.

127. Awarding PUNITIVE DAMAGES against Defendant Charlie J. McKeown, in an amount (as yet to be deduced from the evidence), but in no event in an amount less than $50,000.00, for:
(1) denying timely requested witnesses to attend hearing for misconduct report #D246269 and provide live testimony on behalf of Plaintiff, in defense of false assault and threatening charges, in retaliation for pending lawsuit, in which C.J. McKeown remains the sole defendant; (2) finding Plaintiff guilty of false misconduct charges of assault, and manipulating the records to reflect that uncalled witnesses had provided testimony at hearing supporting allegations of assault by Colleen McCoy; (3) terminating Plaintiff's job; and (4) sanctioning Plaintiff to 90-days of Disciplinary custody status in RHU, in retaliation for pending lawsuit.

128. Awarding PUNITIVE DAMAGES against Defendant Sgt. McCoy, in an amount (as yet to be deduced from the evidence), but in no event in an amount less than $5,000.00

129. Awarding COMPENSATORY DAMAGES against Sgt. McCoy in an amount (as yet to be deduced from the evidence), but in no event in an amount less than $2,500.00.

13.

130. NOMINAL DAMAGES.

131. Any other RELIEF that the Court deem JUST and PROPER.

132. **TRIAL BY JURY IS HEREBY DEMANDED** on all claims alleged herein, and the parties are hereby given notice, pursuant to Fed. R. Civ. P. 38(a)-(c).

Respectfully submitted, this 27

day of FEBRUARY, 2021

By /s/ Bray Jibril Murray, #CG8958
SCI-PINE GROVE
189 Fyock Road
Indiana, Pa. 15701

14.