IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAY JIBRIL MURRAY, | : | Civil No. 1:21-cv-320 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| COLLEEN MCCOY, | : | |
| Defendant | : | |

FILED
SCRANTON
AUG 13 2024
PER   DJ
DEPUTY CLERK

**MEMORANDUM**

Plaintiff Bray Jibril Murray ("Murray"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The sole remaining Defendant is Correctional Officer Colleen McCoy. Before the Court is Defendant McCoy's motion for judgment on the pleadings. (Doc. 80). For the reasons that follow, the motion will be granted in part and denied in part.

I.   **Background and Procedural History**

Murray initiated this action on February 22, 2021, against Correctional Officer Colleen McCoy, Hearing Examiner Charlie J. McKeown, Sergeant Gilroy, Captain Lukashenski, Superintendent Kevin Ransom, Major Jasen Bohinski, Correctional Officer Cooper, Program Manager Michael Goyne, and Sergeant Robert McCoy. (Doc. 1). In the complaint, Murray set forth retaliation, due process, and conspiracy claims. (*Id.*). In May of 2022, Defendants filed a motion for summary judgment. (Doc. 48). On February 28, 2023, the Court granted Defendants' motion and entered judgment in their favor. (Docs. 66-68).

Murray then filed an appeal to the Third Circuit. (Doc. 73). Upon review, the Third Circuit affirmed in part and vacated in part this Court's decision. (Doc. 76). The Third Circuit only remanded the First Amendment retaliation claim against Defendant Colleen McCoy—the sole remaining claim in this action.

Presently, Defendant McCoy moves for judgment on the pleadings, arguing that she is entitled to judgment on Murray's requests for compensatory damages and equitable relief because Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") bars compensatory damages in a civil action where the inmate did not allegedly suffer a greater than *de minimis* physical injury, and Murray's prison transfer moots any request for equitable relief. (Doc. 80). The motion is ripe for disposition.

## II.  Legal Standard

A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment. *Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007). Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  To succeed on a Rule 12(c) motion, the movant must clearly establish that no material issue of fact remains to be resolved and that the movant "is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); *see* 5C Charles Alan Wright *et al.*, Federal Practice and Procedure § 1368 (3d ed. 2015).

A Rule 12(c) motion for judgment on the pleadings is decided under a standard similar to a Rule 12(b)(6) motion to dismiss. *See Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). That is, judgment on the pleadings should be granted only when, accepting as true the facts alleged by the nonmovant and drawing "all reasonable inferences" in that party's favor, the movant is entitled to judgment as a matter of law. *See Zimmerman*, 873 F.3d at 417-418 (citation omitted). In deciding motions for judgment on the pleadings, courts may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. Discussion

#### A. Claim for Compensatory Damages

Defendant argues that compensatory damages are barred by the PLRA because Murray does not allege that he suffered any physical harm. (Doc. 81, pp. 3-5). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail,

3

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Third Circuit has interpreted this provision to bar claims for compensatory damages when the only basis for compensatory damages would be "mental and/or emotional injury" arising from the violation of a plaintiff's constitutional rights. See Allah v. Al-Hafeez, 226 F.3d 247, 250-53 (3d Cir. 2000).

In the complaint, Murray seeks compensatory damages "against Defendant Colleen McCoy in an amount (as yet to be deduced from the evidence), but in no event in an amount less than $2,728.00, for Plaintiff being terminated from job-earning $57.00 a month, as a re-sult of false misconduct charges of assault, etc." (Doc. 1, ¶ 125). The Court's research reveals scant case law regarding whether the PLRA forbids inmate wage loss claims, although at least one court has rejected the notion that the PLRA bars inmate wage recoveries, stating that:

> Defendants have pointed to no authority holding that the PLRA bars compensatory damages where a prisoner alleges a monetary loss as a result of an alleged constitutional violation. The Court's independent search for the same has turned up empty. Accordingly, the Court declines Defendants' invitation to interpret the PLRA's limitation on damages as barring all claims for compensatory damages.

Day v. Vaughn, 56 F. Supp. 3d 1377, 1382-83 (S.D. Ga. 2014). See also Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986) (explaining that claims for compensatory damages under § 1983 based on alleged constitutional violations may include "out-of-pocket loss and other monetary harms"). Accordingly, in the absence of persuasive authority forbidding

4

such claims, the Court finds that Murray's inmate wage loss claim survives Defendant's motion for judgment on the pleadings. Therefore, the Court will allow Murray to pursue compensatory damages.

### B. Equitable Relief

A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, (1982) (*per curiam*) (some internal quotation marks omitted). No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009). A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive relief. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981).

Murray seeks declaratory and injunctive relief in the form of an Order requiring Defendants to expunge the misconducts from his record and to transfer him to either SCI-Chester or SCI-Phoenix. (Doc. 1, ¶¶ 119-122). His requests for declaratory and injunctive

relief are directed at, and specific to, individuals employed at SCI-Dallas. This is problematic as he is no longer housed at that institution. Murray is currently housed at SCI-Phoenix. In this instance, the transfer of Murray to SCI-Phoenix renders his requests for declaratory and injunctive relief moot. Therefore, his request for equitable relief will be dismissed.

## IV.  Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). The Court finds that allowing leave to amend would be inequitable and futile.

## V.  Conclusion

For the reasons set forth herein, Defendant's motion (Doc. 80) for judgment on the pleadings will be granted in part and denied in part. A separate Order shall issue.

*[signature]*
Robert D. Mariani
United States District Judge

Dated: August 13, 2024