THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAY JABRIL MURRAY, | : | Civil No. 1:21-cv-320 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| COLLEEN MCCOY, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Bray Jabril Murray ("Murray"), an inmate in state custody, initiated this action

pursuant to 42 U.S.C. § 1983.  (Doc. 1).  The Court has entered a Scheduling Order setting

this case for jury selection and trial on December 19, 2024.  (Doc. 92).  Before the Court is

Murray's motion for writs of habeas corpus ad testificandum.  (Doc. 119).  For the reasons

set forth below, the Court will deny Murray's motion.

## I.   Discussion

A federal district court has the discretionary power to issue a writ of habeas corpus

ad testificandum to secure the appearance of a state or federal prisoner only if "[i]t is

*necessary* to bring [the inmate] into court to testify or for trial."  28 U.S.C. § 2241(c)(5)

(emphasis added).  The Court's decision whether to issue the writ is reversible only if it

abuses its discretion.  *Bailey v. Blaine*, 183 F. App'x 220, 223 (3d Cir. 2006) (citation

omitted).  The Court must consider, *inter alia*, the costs and convenience of procuring the

inmate's appearance, the potential security risk posed by the particular inmate, the need for

the inmate's testimony, the substantiality of the matter at issue, and the interests of the prisoner in having the proffered testimony presented on his behalf. *Jerry v. Francisco*, 632 F.2d 252, 255-56 (3d Cir. 1980) (citations omitted).

Here, Murray requests the Court to issue writs of habeas corpus ad testificandum for twenty-two (22) incarcerated witnesses. (Doc. 119). His requests are very general. He lists the names of the twenty-two (22) potential witnesses but offers no other information to explain what they are expected to say if they are called to testify at trial or how their testimony may be relevant to the claims in this case. The Court is reluctant to permit these inmates to testify because Murray has not offered any explanation as to how they could provide relevant testimony. Without the benefit of such an explanation, the Court is left with serious doubts that the proposed inmate-witnesses have the level of personal knowledge required for them to testify on the matter before the Court.

## II.    Conclusion

In accordance with the above discussion, Murray's motion (Doc. 119) for writs of habeas corpus ad testificandum will be denied without prejudice. The Court will revisit this ruling should Murray provide a sufficient proffer of the relevance of these witnesses' testimony to the remaining issue in this case. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 10, 2024