THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAY JABRIL MURRAY,** | : | Civil No. 1:21-cv-320 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| **COLLEEN MCCOY,** | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the Court are various pretrial motions filed by Plaintiff Bray Jabril Murray ("Plaintiff") (Docs. 97, 102, 104), and Defendant Colleen McCoy ("Defendant") (Docs. 99, 110). All motions are ripe for disposition.

### I. Relevant Procedural Background

Plaintiff, who is currently incarcerated at the State Correctional Institution, Phoenix, in Collegeville, Pennsylvania, initiated the above-captioned action on February 22, 2021, by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). After resolution of Defendants' motion for summary judgment, the only remaining Defendant is Colleen McCoy. The only remaining claim is a First Amendment retaliation claim—whether Defendant McCoy filed four misconducts (numbers D123755, B972392, D123772, and D246269) against Plaintiff in retaliation for his purported protected activity of filing inmate grievances.

A jury trial is scheduled to commence on Thursday, December 19, 2024. (Doc. 92). By Order dated August 19, 2024, the Court directed that any motions *in limine* be filed or before November 4, 2024. (Doc. 92 ¶ 3).

## II. Standard of Review

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). Courts exercise discretion to rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). While motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). "[M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted… [as] a court cannot fairly ascertain the potential relevance of evidence for Rule 403

purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990). Regardless, "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. Discussion

#### A. Plaintiff's Motions *in Limine*

Plaintiff filed three motions *in limine*, seeking to prevent Defendant from referencing the following during trial: (1) his prior criminal convictions; (2) his prison misconduct history; and (3) the dismissed claims and witnesses, the rationale of misconduct number D246269, and an Extraordinary Occurrence Report and quarter cards pertaining to Plaintiff's behavior. (Docs. 97, 102, 104).

With respect to Plaintiff's first motion *in limine*, Defendant "does not plan on introducing testimony or evidence pertaining to Plaintiff's prior criminal convictions, [and] [ ] does not oppose Plaintiff's Motion[,]" unless Plaintiff opens the door to this testimony. (Doc. 108, p. 1). Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. In determining whether the probative value of a prior criminal conviction is substantially outweighed by the prejudicial effect of admitting that conviction in a civil case, the Third Circuit has "directed

that four factors should be weighed against the potential for prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand." *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir .2007) (citing *Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir.1982))). In light of Defendant's concession that, absent Plaintiff opening the door to the admissibility of his prior criminal convictions, she will not introduce evidence of Plaintiff's prior criminal convictions, the Court will grant Plaintiff's first motion (Doc. 97) *in limine*, subject to this ruling being revisited should Plaintiff open the door to such information.

With his second motion *in limine* (Doc. 102), Plaintiff argues that his "prior misconduct history [is] irrelevant to the issues of this case, and hence should be excluded." (Doc. 103, p. 2). Plaintiff further posits that "[o]nly misconducts filed by Defendant McCoy against the Plaintiff and appeals therefrom are admissible." (*Id.*). In response, Defendant asserts that the only relevant misconducts are misconduct numbers D123755, B972392, D123772, and D246269. (Doc. 109). Defendant further asserts that these four misconducts, as well as any appeals, hearing reports, appeal responses, and other related documents and information relied on within those materials are relevant to the claims and defenses at issue in this case. (*Id.*). Other than these four misconducts—numbers D123755, B972392, D123772, and D246269—Defendant represents that she does not

4

intend to introduce testimony or evidence pertaining to Plaintiff's prior inmate misconducts, unless Plaintiff opens the door to this testimony. (*Id.*).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and…the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. As stated, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [or] misleading the jury." FED. R. EVID. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602.

In addition, Federal Rule of Evidence 404, "Character Evidence; Other Crimes, Wrongs or Acts," provides in pertinent part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Nevertheless, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). "Rule 404(b) directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-

5

propensity purpose." *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017) (internal quotation marks omitted).

Because misconduct numbers D123755, B972392, D123772, and D246269 are related to the issue before the Court—whether Defendant filed the misconducts in retaliation for Plaintiff's filing of inmate grievances—the Court will allow Defendant to introduce evidence related to these four misconducts. (*See* Doc. 109-1). However, the Court will defer ruling on the admissibility of the remainder of Plaintiff's inmate misconducts until the time of trial. At that time, if Plaintiff opens the door to information pertaining to his other inmate misconducts, and Defendant seeks to utilize such information, the Court will review the documents outside the presence of the jury and rule on any of Plaintiff's objections.

Lastly, in his third motion *in limine* (Doc. 104) and supporting brief (Doc. 107), Plaintiff seeks to (1) preclude Defendant from presenting evidence "relating solely to previously dismissed claims against those defendants that were dismissed form this case on February 28, 2023" (Doc. 107 at 2 (citing Docs. 66, 67)); (2) preclude Defendant from calling previously dismissed parties as witnesses in this case unless they "provide an offer of proof (before commencement of trial) on their "personal knowledge of the proposed testimony" (Doc. 107 at 3); (3) preclude Defendant from introducing documents based on "lack of trustworthiness" including heavily redacted documents pertaining to the March 21, 2020, misconduct number D246269 (*id.* at 3-4 (citing Doc. 49-15 at 1-12)) and "quarter cards" which identify his offense of conviction ("Murder 1st degree"), his minimum sentence

6

("Life"), and list warnings received from January 28, 2019, through August 7, 2019, and August 8, 2019 (Doc. 1-7 at 4 (citing Doc. 49-1 at 12, 14)); and (4) preclude "any use or reference to the rationale and findings of misconduct report No. D246269 (Doc. 104 at 1). In his supporting brief, Plaintiff does not provide an argument in support of his request to eliminate the rationale and findings of misconduct D246269.

Defendant "has no objection" to Plaintiff's request "to exclude evidence and testimony regarding previously dismissed claims." (*See* Docs. 99, 115 at 2). However, Defendant clarifies that the previously dismissed parties may be able to provide testimony pertaining to the remaining claim before the Court and her affirmative defense. (*Id.* at 5-7).

Defendant further opposes the remainder of Plaintiff's third motion *in limine*. As stated *supra*, evidence pertaining to misconduct number D246269 is entirely relevant to the remaining claim before the Court. As such, the Court will allow introduction of evidence related to misconduct number D246269, including the testimony of previously dismissed Defendants McKeown and Cooper to the extent they have personal knowledge of the misconduct at issue. The Court will also allow the testimony of dismissed Defendants who have personal knowledge relevant to Defendant's affirmative defense.

Next, the Court concludes that the remaining evidence that Plaintiff seeks to exclude appears admissible. Although Plaintiff failed to attach to his motion the documents that he seeks to preclude, Defendant has attached these documents to her motion for summary

judgment. (Doc. 49-1, pp. 12, 14; Doc. 49-15 at 1-12). The Court, however, can make a more meaningful ruling on these issues at the time of trial.

Accordingly, Plaintiff's third motion (Doc. 104) *in limine* will be granted in part, denied in part, and deferred in part. Plaintiff's request to exclude any evidence and testimony regarding the previously dismissed claims and parties will be granted except to the extent Plaintiff seeks to exclude testimony of dismissed defendants absent a pretrial showing of personal knowledge and relevance. Plaintiff's request to preclude Defendant from introducing evidence pertaining to misconduct number D246269 will be denied. The Court will defer ruling on the admissibility of the Extraordinary Occurrence Report pertaining to the March 21, 2020, incident and the quarter cards until the time of trial. At that time, if Defendant seeks to introduce any of these documents, the Court will review the documents outside the presence of the jury and rule on any of Plaintiff's objections.

### B.    Defendant's Motion *in Limine*

In her motion *in limine*, Defendant seeks to exclude any and all evidence and testimony regarding Plaintiff's previously dismissed claims and parties. (Doc. 99). As explained *supra*, the parties agree to exclude such evidence. (*See* Docs. 99, 104, 115). Therefore, the Court will grant Defendant's motion (Doc. 99) *in limine* as clarified to allow testimony of dismissed Defendants relevant to remaining claims and defenses.

## IV. Conclusion

Consistent with foregoing, the Court will grant Plaintiff's first motion (Doc. 97) *in limine* to preclude evidence of his past criminal convictions, subject to this ruling being revisited should Plaintiff open the door to such information and Defendant timely requesting permission to utilize this information.

Plaintiff's second motion (Doc. 102) *in limine* will be denied in part and deferred in part. Plaintiff's request to exclude his entire inmate misconduct history will be denied. The Court will allow Defendant to introduce evidence related to misconducts numbers D123755, B972392, D123772, and D246269. A ruling on introduction of the remaining inmate misconducts will be deferred until trial.

Plaintiff's third motion (Doc. 104) *in limine* will be granted in part, denied in part, and deferred in part. Plaintiff's request to exclude any evidence and testimony regarding the previously dismissed claims and parties will be granted except to the extent dismissed Defendants may present testimony relevant to remaining claims and defenses. Plaintiff's request to exclude the introduction of the rationale and findings of misconduct number D246269 will be denied. A ruling on the Extraordinary Occurrence Report pertaining to the March 21, 2020 incident and the quarter cards will be deferred until the time of trial.

While the Court has deferred ruling on certain aspects of Plaintiff's motions, this does not alter Plaintiff's responsibility to raise his objections at the appropriate time at trial, if

9

warranted in light of the evidence adduced by that time. Failure to raise these issues at the appropriate time at trial will be deemed a waiver of the objections found within the motions.

The Court will grant Defendant's motion (Doc. 99) *in limine* to exclude any evidence and testimony regarding the previously dismissed claims and parties as clarified above.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: December 10, 2024