IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAY JABRIL MURRAY, | : | Civil No. 1:21-cv-320 |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| COLLEEN MCCOY, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Bray Jabril Murray, an inmate currently incarcerated at the State Correctional Institution, Phoenix, in Collegeville, Pennsylvania, initiated the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1). The remaining claim is a First Amendment retaliation claim against Defendant Colleen McCoy. Trial in this matter is scheduled to commence on December 19, 2024. Presently before the Court is Plaintiff's Motion for Leave to Issue Subpoenas to Produce Documents, Etc., at Trial and That Third Party Witnesses Be Made to Appear and Testify to the Authenticity of Produced Documents, Etc. (Doc. 133). For the reasons set forth below, the motion will be denied in part and dismissed as moot in part.

I. **Legal Standard**

Federal Rule of Civil Procedure 26 sets forth the general scope of discovery in civil suits. Pursuant to Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not

unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).  Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

Rule 45 provides corresponding protections for nonparties subject to a subpoena. After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena. FED. R. CIV. P. 45(d)(2)(B).  An objection must be served to the subpoenaing party within fourteen days after the subpoena is served, but it need not be filed with the court. FED. R. CIV. P. 45(d)(2)(B).  After providing notice to the subpoenaed nonparty, the subpoenaing party may move the court to compel compliance with the subpoena. FED. R. CIV. P. 45(d)(2)(B)(i).  Alternatively, a subpoenaed nonparty may bypass objecting to the subpoena and, instead, seek to have it quashed by filing a motion with the issuing court. FED. R. CIV. P. 45(d)(3)(A).

## II.   Discussion

### A.   Motion for Issuance of a Subpoena Duces Tecum

With the pending Motion, Murray first requests a subpoena for "I-Unit's Daily Logbook for the day of March 21, 2020." (Doc. 134, p. 2). Murray also requests that Security Captain Scott Brozowski "produce at trial the records and names of all the inmates interviewed on March 21, 2020, concerning [Misconduct] 246269. (*Id.* at 3).

In response, Defendant generally asserts that discovery in this case closed on April 8, 2022, as per the Court's February 15, 2022, Order (Doc. 41) and Mr. Murray has not established "good cause" for the reopening of discovery, see Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010); see also Cramer v. Kerestes, Civ. A. No. 3:15-CV-1360, 2020 WL 1233630, at *2 (M.D. Pa. Mar. 13, 2020) (Carlson, J.) (setting forth the three factors considered by the court when determining whether to reopen discovery). (Doc. 140, p. 2 & nn.3, 4).

The Court agrees that Mr. Murray has not provided "good cause" for his untimely discovery requests. Therefore, the Court will deny his pending Motion insofar as he seeks the production of documents that were not requested during discovery. With this determination, the Court also finds that Mr. Murray's request for documents to be produced by Security Captain Brozowski is moot to the extent the documents requested are Defendant's Exhibits 14-16 which were previously sent to Mr. Murray and will again be provided to him on the first day of trial. (See Doc. 140, p. 3).

B.   **Motion for Subpoenas**

Mr. Murray requests that the Court subpoena the DOC Records Custodian and the I-Unit Manager, Louise Cicerchia, "to appear at the trial and testify to the authenticity of the "DAILY LOGBOOK" of March 21, 2020. (Doc. 134, p. 3). Because the Court has determined that Mr. Murray is not entitled to the requested document, his request for DOC personnel to be subpoenaed to authenticate the document will be dismissed as moot.

Mr. Murray also seeks a subpoena for his potential witness, Security Captain Scott Brozowski. (Doc. 133; Doc. 134, pp. 3-4). According to Mr. Murray, Captain Brozowski will "testify at trial on the investigation of Assault Misconduct D246269; the interview of inmates on March 21, 2020, regarding allegations of Misc. D246269; how those interviews were conducted; and also that Captain Brozowski produce at trial the records and names of all the inmates interviewed on March 21, 2020, concerning Misc. 246269; and also, testify to the authenticity of interview records of inmates." (Doc. 134, p. 3).

In response, Defendant asserts that she intends to call Scott Brozowski as a witness at trial. (Doc. 140, pp. 2-3). Therefore, Mr. Murray's request to subpoena Security Captain Scott Brozowski will be dismissed as moot.

### III. Conclusion

Consistent with the foregoing, Mr. Murray's pending Motion (Doc. 133) will be (1) denied as to his request for issuance of a subpoena for documents not sought in discovery; (2) dismissed as moot as to his request for issuance of a subpoena for documents previously produced which will again be produced at trial; (3) dismissed as moot as to his request for issuance of subpoenas for DOC personnel to appear at trial to authenticate the requested DAILY LOGBOOK; and (4) dismissed as moot as to his request for issuance of a subpoena for Security Captain Scott Brozowski to appear and testify at trial.

A separate Order shall issue.

_/s/ Robert D. Mariani_
Robert D. Mariani
United States District Judge

4